Greg L. Lippetz (State Bar No. 154228)
glippetz@jonesday.com
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: 650-739-3939
Facsimile: 650-739-3900

Attorneys for Defendant Nokia Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Gregory Bender,<br><br>    Plaintiff,<br><br>    v.<br><br>Nokia Inc.,<br><br>    Defendant. | Case No. C 09-01247 (MMC)<br><br>**NOKIA INC.'S RULE 12(B)(6) MOTION TO DISMISS GREGORY BENDER'S AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Date: September 25, 2009<br>Time: 9:00 a.m.<br>Place: Ctrm. 7, 19th Floor<br>Judge: Maxine M. Chesney |

SVI-71817v1

NOKIA'S NOTICE AND MOTION TO DISMISS
CASE NO. C 09-01247 (MMC)

**TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ........................................................................................................ 1

ARGUMENT .................................................................................................................................... 4

I. To Survive A Motion To Dismiss, The Plaintiff Must State Factual Allegations That Show An Entitlement To Relief And That Have Or Will Have Evidentiary Support ........................... 4

II. Bender Has Failed To State Factual Allegations That Show An Entitlement To Any Relief .................................................................................................................................. 5

   A. Bender's Sole Substantive Allegation Contains Only Legal Conclusions ........................... 5

   B. Bender's Amended Complaint Should Be Dismissed Because It Fails Both To Identify Specific Products Accused Of Infringement And To Even Allege Infringing Activity In The United States ................................................................................................................. 6

   C. At the Very Least, Bender's Amended Complaint Fails To State Claims of Induced Infringement .......................................................................................................................... 7

CONCLUSION ................................................................................................................................. 9

# TABLE OF AUTHORITIES

**Page**

## CASES

*ACCO Brands, Inc. v. ABA Locks Mfr. Co.*,
 501 F.3d 1307 (Fed. Cir. 2007)..........................................................................................7, 8

*Advanced Analogic Tech., Inc. v. Kinetic Tech, Inc.*,
 No. C 09-1360-MMC, 2009 U.S. Dist. LEXIS 57953 (July 8, 2009) ........................ 1, 2, 7, 8

*Advanced Cardiovascular Sys. v. Scimed Sys.*,
 No. C 96-0950-DLJ, 1996 U.S. Dist. LEXIS 11702 (N. D. Cal. 1996) ................................ 6

*AntiCancer Inc. v. Xenogen Corp.*,
 248 F.R.D. 278 (S.D. Cal. 2007).........................................................................................5, 8

*Antonious v. Spalding & Evenflo Cos.*,
 275 F.3d 1066 (Fed. Cir. 2002)...............................................................................................2

*Ashcroft v. Iqbal*,
 129 S. Ct. 1937 (2009) ................................................................................................. *Passim*

*Atmel Corp. v. Info. Storage Devices, Inc.*,
 No. C 95-01987-FMS, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. 1998) .....................4

*Bay Indus. v. Tru-Arx Mfg.*,
 No. C 06-1010-WCG, 2006 U.S. Dist. LEXIS 86757, *5 (E.D. Wis. Nov. 29,
 2006) ......................................................................................................................................6

*Bell Atlantic Corp. v. Twombly*,
 550 U.S. 544 (2007) .................................................................................................... 1, 4, 7, 9

*BMC Res., Inc. v. Paymentech, L.P.*,
 498 F.3d 1373, 1380 (Fed. Cir. 2007).....................................................................................7

*Catapano v. Wyeth Ayerst Pharms., Inc.*,
 88 F. Supp. 2d 27 (E.D. N.Y. 2000).......................................................................................9

*Coolsavings.com, Inc. v. Catalina Mktg. Corp. & Supermarkets Online, Inc.*,
 No. C 98-6668, 1999 WL 342431, at *2 (N.D. Ill. May 14, 1999) ........................................9

*DSU Med. Corp. v. JMS Co.*,
 471 F.3d 1293 (Fed. Cir. 2006)...............................................................................................8

*Gonzales v. Texaco Inc.*,
 No. C 06-02820-WHA, 2007 U.S. Dist. LEXIS 81222,
 *35 (N.D. Cal. Oct. 16, 2007) ................................................................................................2

*Halo Elecs., Inc. v. Bel Fuse Inc.*,
 No. C 07-00331-PMP, 2007 U.S. Dist. LEXIS 54419, *5-6 (D. Nev. July 26,
 2007) ......................................................................................................................................6

*Hewlett-Packard Co. v. Intergraph Corp.*,
 No. C 03-2517-MJJ, 2003 U.S. Dist. LEXIS 26092, *6-7 (N.D. Cal. Sept. 6,
 2003) ......................................................................................................................................5

*McZeal v. Sprint Nextel*,
 501 F.3d 1354 (Fed. Cir. 2007)...................................................................................... 1, 6, 7

*Micromesh Tech. Corp. v. Am. Recreation Prods, Inc.*,
 No. C 06-6030-MHP, 2007 U.S. Dist. LEXIS 64241,
 *11-12 (N.D. Cal. Aug. 29, 2007) .........................................................................................2

**TABLE OF AUTHORITIES (CONCLUDED)**

**Page**

*O2 Micro Int'l Ltd., v. Monolithic Power Sys., Inc.*,
    467 F.3d 1355 (Fed. Cir. 2006) .................................................................................... 4

*Qarbon.com Inc. v. eHelp Corp.*,
    315 F. Supp. 2d 1046 (N. D. Cal. 2004) ....................................................................... 5

*Ristvedt-Johnson, Inc. v. Peltz*,
    No. C 91-3273-ACW, 1991 WL 255691, at *5 (N.D. Ill. Nov. 18, 1991) ................... 8

*View Eng'g, Inc. v. Robotic Vision Sys., Inc.*,
    208 F.3d 981 (Fed. Cir. 2000) ...................................................................................... 4

*Warner-Lambert Co. v. Apotex Corp.*,
    316 F.3d 1348 (Fed. Cir. 2003) .................................................................................... 8

**STATUTES**

35 U.S.C. § 271(b) ................................................................................................................ 7

1  PLEASE TAKE NOTICE that on September 25, 2009, at 9:00 a.m., or as soon thereafter as this matter may be heard, in Courtroom 7 of the United States District Court for the Northern District of California, San Francisco Division, located at 450 Golden Gate Ave., 19th Floor, San Francisco, CA 94102, the Honorable Maxine M. Chesney presiding, defendant Nokia Inc., ("Nokia") will and hereby does move the Court for an order dismissing plaintiff Gregory Bender's ("Bender's") Amended Complaint.

This is a motion to dismiss for failure to state a claim made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Nokia seeks dismissal of Bender's Amended Complaint or, at least dismissal of Bender's allegation of induced infringement therein.  This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities in Support thereof, the Declaration of Cora L. Schmid and exhibits thereto, all pleadings and papers filed in this action, and upon such other matters as may be presented to the Court at the time of the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

## PRELIMINARY STATEMENT

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Bender's initial Complaint contained no factual allegations beyond the location of the parties and Bender's ownership of the patent-in-suit.  (*See* D.I. 1.)[1]  Two months later, Bender amended his Complaint – yet the Amended Complaint still contains no factual matter sufficient to state a plausible claim for relief.  (*See* D.I. 5.)  Indeed, Bender has not even alleged facts sufficient to identify a specific product or products accused of infringement as required by the Federal Circuit in *McZeal v. Sprint Nextel*, 501 F.3d 1354 (Fed. Cir. 2007), and has failed to allege infringing activity within the United States, as required by *Advanced Analogic Tech., Inc. v. Kinetic Tech,*

---

[1]  D.I. numbers refer to docket entries in the present action

*Inc.*, No. C 09-1360-MMC, 2009 U.S. Dist. LEXIS 57953 (July 8, 2009).[2] Absent such specific factual allegations, certified under Rule 11 of the Federal Rules of Civil Procedure as having or being likely to have evidentiary support, Bender's complaint should not proceed past the pleading stage under the facts of this case. Bender has already had ample opportunity to resolve these problems, and has already amended once as of right. Nokia respectfully submits that under these specific circumstances, Bender's Amended Complaint should be dismissed with prejudice and without leave to amend.

Bender's failure to allege sufficient facts was not an accident, but the apparent result of a failure to perform a sufficient pre-filing Rule 11 investigation.[3] Bender sued 37 defendants in 24 lawsuits, and in each suit, Bender submitted complaints that provide either the barest description of an accused device, or fail to name an accused device at all. (*See, e.g.,* Amended Complaint against DSP, Schmid Decl. Ex. A.) In Rule 26 conferences conducted, and in at least one Case Management Conference, Bender's counsel has requested that the Patent Local Rules be turned on their head to force defendants to produce schematics and other technical information before Bender is required to serve his Rule 3-1 infringement contentions. (*See* Comment Re Motion to Relate Cases, Schmid Decl. Ex. B at pp. 1-2.) Bender has served his initial infringement contentions under Rule 3-1 of the Patent Local Rules in the first-filed of these 24 actions and, instead of including the required chart "identifying specifically where each limitation of each asserted claim is found within each Accused Instrumentality," Bender merely included bald assertions that "it is inherent that the product will have a number of" each purported element in question. (*See id.* at Ex. 2 and Ex. 3.)

---

[2] The *Advanced Analogic* decision was not was not briefed under *Iqbal*.

[3] Under Rule 11 a plaintiff's attorney must "compare the accused device with the construed patent claims." *Antonious v. Spalding & Evenflo Cos.,* 275 F.3d 1066, 1073-74 (Fed. Cir. 2002) (Rule 11 requires "actual evidence uncovered during the pre-filing investigation, that each claim limitation reads on the accused device"); *see also Gonzales v. Texaco Inc.*, No. C 06-02820-WHA, 2007 U.S. Dist. LEXIS 81222, *35 (N.D. Cal. Oct. 16, 2007) ("Counsel were obligated to investigate *first* and sue *second*, not the other way around.") (emphasis in original); *Micromesh Tech. Corp. v. Am. Recreation Prods, Inc.*, No. C 06-6030-MHP, 2007 U.S. Dist. LEXIS 64241, *11-12 (N.D. Cal. Aug. 29, 2007) (a plaintiff must not only obtain samples of the accused product, but also analyze the product samples). Indeed, further factual development may lead Nokia to file a separate Rule 11 challenge.

Bender seems to be guessing that Nokia – and the more than 25 other defendants he has accused of infringement on similar complaints – are somehow, somewhere, selling circuits that fall within his claims. His approach is akin to having a patent on a special kind of light bulb, walking down the street at night and seeing lights on in people's homes, and then suing them all, assuming that at least one of the homes will have at least one of his special bulbs. But Bender must do more: "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal,* 129 S. Ct. at 1949 (quotations omitted).

This is a case about a specific type of analog amplifying circuit, sometimes found in chip sets that may contain thousands of different circuits, but the point is the same – Bender's Amended Complaint lacks factual allegations to support a conclusion that any particular chip set in any particular Nokia product contains the particular circuits claimed by Bender. At best, his conclusory allegations are "merely consistent with" liability – that Nokia sells products with "high performance, high speed analog circuits" that somehow contain or utilize a "buffered transconductance amplifier," a "current feedback amplifier," a "high-gain current feedback amplifier," or a "voltage feedback amplifier." (*See* D.I. 5 at ¶ 8.) But just as alleging that someone is home, with the lights on, says nothing about whether they are using a patented light bulb, a claim that Nokia uses "high performance, high speed analog circuits" (even taken as true at the pleading stage), says nothing about whether Nokia is using Bender's patented technology. In fact, the elements of the claims of the '188 patent exist in a broad field of prior art. Several of the claims of the '188 patent were recently rejected on reexamination by the U.S.P.T.O.[4] (U.S.P.T.O. Office Communication, Schmid Decl. Ex. C.)

---

[4] On October 3, 2008, the U.S.P.T.O. rejected six of the ten independent claims of the '188 patent over prior art in a non-final office action, to which the Applicant did not respond. The examiner found that the prior art discloses an electrical circuit for amplifying complex signals, including the elements of these claims in their claimed configurations. Only certain specific embodiments of the Applicant's amplifier were allowed over the prior art. (*See* U.S.P.T.O. Office Communication, Schmid Decl. Ex. C at pp. 3-37.)

"A patent suit can be an expensive proposition. Defending against baseless claims of infringement subjects the alleged infringer to undue costs." *View Eng'g, Inc. v. Robotic Vision Sys., Inc.*, 208 F.3d 981, 986 (Fed. Cir. 2000). This Court has taken extra steps to ensure that patentees like Bender do not sue first and investigate later by adopting the patent local rules of this district in order to "require parties to crystallize their theories of the case early in the litigation." *O2 Micro Int'l Ltd., v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006) (*citing Atmel Corp. v. Info. Storage Devices, Inc.*, No. C 95-01987-FMS, 1998 U.S. Dist. LEXIS 17564, at *7 (N.D. Cal. 1998)).

Missing from Bender's Amended Complaint are factual allegations about any specific products, verified under Rule 11 as having or being likely to have evidentiary support, showing that such products in fact employ something Bender claimed. He has not made factual allegations that support a conclusion that specific Nokia products practice the claims of his patent nor that any infringing activity occurs within the United States, much less alleged any of the required elements of induced infringement, despite ample opportunity to do so. Under the circumstances of this action, Bender's entire Amended Complaint, and at the very least his inducement allegation therein, should be dismissed.

## ARGUMENT

### I. TO SURVIVE A MOTION TO DISMISS, THE PLAINTIFF MUST STATE FACTUAL ALLEGATIONS THAT SHOW AN ENTITLEMENT TO RELIEF AND THAT HAVE OR WILL HAVE EVIDENTIARY SUPPORT

To survive a motion to dismiss under Rule 8 of the Federal Rules of Civil Procedure, a plaintiff must allege facts that, if true, would demonstrate entitlement to relief. *Twombly*, 550 U.S. at 554-55; *see also Iqbal*, 129 S. Ct. at 1950-51. Indeed, in *Iqbal* the Supreme Court left no doubt that a complaint must contain ***facts***, not legal conclusions:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts

> that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" . . .
>
> [T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . . Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions.

*Iqbal*, 129 S. Ct. at 1949-51 (internal citations omitted).

Even prior to *Iqbal*, patent cases required substantially more than an allegation that a defendant, by selling unspecified products, infringes a patent. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1050-51 (N. D. Cal. 2004) (a complaint that is limited to a wholly conclusory allegation is "radically insufficient"); *AntiCancer Inc. v. Xenogen Corp.*, 248 F.R.D. 278, 282 (S.D. Cal. 2007) (dismissing a complaint alleging only that the defendants infringed the patent and induced others to infringe, without specifying further facts).

## II. BENDER HAS FAILED TO STATE FACTUAL ALLEGATIONS THAT SHOW AN ENTITLEMENT TO ANY RELIEF

### A. Bender's Sole Substantive Allegation Contains Only Legal Conclusions

Paragraph 8 of Bender's Amended Complaint contains Bender's sole substantive allegation – a sweeping accusation of, "without limitation," Nokia's

> cell phones, computers, network drivers, high definition television sets, ultrasound machines, MRI machines, lab equipment, arbitrary waveform generators, audio amplifiers, video amplifiers, hard disc drives, ADC/DAC converters, DVD-RW players, DSL modems, CCD cameras, satellite communication technology, and other products where high performance, high speed analog circuits are used, and/or components thereof.

(D.I. 5 at ¶ 8.) This alleges that Nokia infringes by selling unspecified products that infringe in an unspecified country – a pure legal conclusion that cannot survive a motion under Rule 12(b)(6). *See Iqbal*, 129 S. Ct. at 1949-50; *see also Hewlett-Packard Co. v. Intergraph Corp.*, No. C 03-2517-MJJ, 2003 U.S. Dist. LEXIS 26092, *6-7 (N.D. Cal. Sept. 6, 2003) (granting a motion to dismiss where the plaintiff did not identify the accused products with specificity, and the defendant had multiple technology platforms that were implemented in numerous end-user

1 applications); *Advanced Cardiovascular Sys. v. Scimed Sys.*, No. C 96-0950-DLJ, 1996 U.S. Dist.
2 LEXIS 11702, at *12-13 (N. D. Cal. 1996) (dismissing a cause of action with prejudice when the
3 proposed amendments to the complaint failed to state a cognizable claim); *Halo Elecs., Inc. v. Bel*
4 *Fuse Inc.*, No. C 07-00331-PMP, 2007 U.S. Dist. LEXIS 54419, *5-6 (D. Nev. July 26, 2007);
5 (identifying the patents at issue and their subject matter is not sufficient to state a claim for relief
6 absent an allegation of the manner or means of infringement). At most, Bender makes only
7 factual assertions that (if true) *might* be consistent with infringement. But the mere consistency
8 of Bender's allegations with liability do not show an entitlement to relief under *Iqbal*.

        **B.    Bender's Amended Complaint Should Be Dismissed Because It Fails Both To Identify Specific Products Accused Of Infringement And To Even Allege Infringing Activity In The United States**

11         The breadth of Bender's allegations proves the point of *Iqbal*. Bender must come forward
12 with factual allegations that identify specific products believed to contain infringing circuits, plus
13 factual allegations that would establish entitlement to relief. However, Bender's complaint does
14 not apply the claims of his patent to a single product. Nor does he allege any infringing activity
15 within the United States. He therefore did not, and presumably cannot, allege *facts* showing
16 infringement.

17         Nokia "should not have to guess which of its products infringe nor guess how its products
18 might fall within [Bender's] interpretation of the claims of the patents in suit." *Bay Indus. v. Tru-*
19 *Arx Mfg.,* No. C 06-1010-WCG, 2006 U.S. Dist. LEXIS 86757, *5 (E.D. Wis. Nov. 29, 2006).
20 By proposing to accuse a large array of unspecified products, Bender in effect is requiring Nokia
21 to compare its numerous products to the 52 claims of the '188 patent in order to defend this case.
22 *See id.* (requiring defendant to compare its approximately 40 products to at least 20 claims in
23 order to formulate an answer is an unreasonable burden on defendant). Absent factual specificity,
24 however, *Iqbal* precludes Bender's attempt to "unlock the doors of discovery" under the facts of
25 this case.

26         Even the pre-*Iqbal* case of *McZeal v. Sprint Nextel* illustrates, by comparison, the plain
27 deficiencies in Bender's amendments. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354 (Fed.
28 Cir. 2007). In *McZeal*, the Federal Circuit reinstated a complaint for patent infringement filed by

a *pro se* plaintiff, where the plaintiff alleged that one of defendant's specific products, the "INTERNATIONAL WALKIE TALKIE machine physically ha[s] or perform[s] all of the basic elements of the patent claims of the plaintiff and further infringes under the doctrine of equivalents." *Id.* at 1357. The court held that such allegations "met the low bar for *pro se* litigants to avoid dismissal." *Id.* at 1358. Bender, represented by counsel and held to a higher standard than Mr. McZeal, has not even alleged that ***any*** specific Nokia product has "all of the basic elements of the patent claims." Further, Bender has not even alleged any infringing activity in the United States, a failure that has alone been grounds to dismiss a complaint. *See Advanced Analogic*, 2009 U.S. Dist. LEXIS 57953.

Bender's strategy in this case of "sue first, accuse everything, ask questions later" that he has demonstrated in the circumstances of this action comports with neither the letter nor the spirit of the Federal Rules of Civil Procedure and Supreme Court precedent. Under Rule 8 and Rule 12, Plaintiff must state ***factual allegations***, which, if true, would show an entitlement to relief. Bender has not done this.

### C.   At the Very Least, Bender's Amended Complaint Fails To State Claims of Induced Infringement

Even should the Court chose not to dismiss Bender's entire complaint, it should dismiss Bender's allegation of induced infringement. The complaint filed by Bender alleges that Nokia induces infringement of Bender's patent in a single cursory sentence: "Nokia has performed acts and performs acts that . . . induce others to infringe, one or more claims of the '188 Patent." (Amended Complaint, D.I. 5 at ¶ 8.) Nowhere in this sentence nor in the rest of the complaint does Bender give Nokia "fair notice of what the . . . claim is and the grounds upon which it rests," as required by Rule 8(a) of the Federal Rules of Civil Procedure under the United States Supreme Court's recent decisions. *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1950-51.

The Federal Circuit has detailed three required elements for induced infringement under 35 U.S.C. § 271(b). First, it is axiomatic that "inducement of infringement requires a predicate finding of direct infringement," by a third party. *BMC Res., Inc. v. Paymentech, L.P.*, 498 F.3d 1373, 1380 (Fed. Cir. 2007); *see also ACCO Brands, Inc. v. ABA Locks Mfr. Co.*, 501 F.3d 1307,

1312 (Fed. Cir. 2007). The patentee must also establish that "the alleged infringer knowingly induced infringement *and* possessed specific intent to encourage another's infringement." *ACCO Brands,* 501 F.3d 1307 at 1312 (quotation omitted) (emphasis added); *see also Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1364 (Fed. Cir. 2003) ("[W]e have already observed that precedent holds that mere knowledge of possible infringement by others does not amount to inducement; specific intent and action to induce infringement must be proven.") (citation omitted). The element of knowing inducement "requires evidence of culpable conduct, directed to encouraging another's infringement, not merely that the inducer had knowledge of the direct infringer's activities." *DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) (en banc in relevant part) (citations omitted).

Bender's empty statement that "Nokia has performed acts and performs acts that . . . induce others to infringe, one or more claims of the '188 Patent," does not allege any of the three required elements of induced infringement. Each of these three failures independently requires dismissal of the inducement allegation. First, not only has Bender failed to identify the required acts of direct infringement by a third party, he has not even identified any third parties that he claims have been induced to infringe. *See Advanced Analogic*, 2009 U.S. Dist. LEXIS 57953, at *4-5 (granting motion to dismiss where plaintiff "failed to allege direct infringement by a third party"). Second, Bender's conclusory assertion also lacks any facts that would support even an inference that Nokia has acted to induce infringement, let alone the "purposeful, culpable expression and conduct" required by *DSU*, 471 F.3d at 1306; *see also AntiCancer*, 248 F.R.D. at 282 (granting motion to dismiss inducement claim where "Plaintiff has failed to plead any further facts beyond a bare statement of direct and indirect infringement"); *Ristvedt-Johnson, Inc. v. Peltz*, No. C 91-3273-ACW, 1991 WL 255691, at *5 (N.D. Ill. Nov. 18, 1991) (granting motion to dismiss inducement claim where "plaintiffs' allegations are so factually insufficient that they do not even suggest how or when the defendants induced . . . [or] intended to induce Brandt to infringe on the plaintiffs' patents"). Finally, Bender's assertion of induced infringement should be dismissed because the assertion in the Amended Complaint fails to allege any facts that Nokia had the affirmative intent required to induce infringement. *See Coolsavings.com, Inc. v. Catalina*

*Mktg. Corp. & Supermarkets Online, Inc.*, No. C 98-6668, 1999 WL 342431, at *2 (N.D. Ill. May 14, 1999) (granting motion to dismiss inducement claim "because it does not allege the requisite intent"); *Catapano v. Wyeth Ayerst Pharms., Inc.*, 88 F. Supp. 2d 27, 30 (E.D. N.Y. 2000) (granting motion to dismiss inducement claim because "mere knowledge that its customers use its products in the infringing manner does not demonstrate the requisite intent for claim of inducement") (citations omitted).

Bender's fear that Nokia may not be a direct infringer of his patent is not a sufficient basis to sustain allegations that Nokia is inducing infringement of that patent. Bender has not identified any acts of inducement or intent to induce, much less even named the party that Nokia has theoretically induced to infringe. Nokia has not been given the "fair notice" of an inducement claim that the law requires. *See Twombly*, 550 U.S. at 555. Should Bender's Amended Complaint survive this motion, at least the induced infringement allegation within the Amended Complaint should be dismissed under these facts.

## CONCLUSION

For the reasons stated above, Defendant respectfully request that the Court dismiss Plaintiff's Complaint with prejudice without leave to amend. In the alternative, Defendant respectfully requests that the Court dismiss the Complaint's inducement infringement allegation.

| | | |
|---|---|---|
| 1 | | Respectfully submitted, |
| 2 | Dated: August 21, 2009 | Jones Day |

By:   /s/ Gregory Lippetz
    Greg L. Lippetz
    State Bar No. 154228
    JONES DAY
    Silicon Valley Office
    1755 Embarcadero Road
    Palo Alto, CA  94303
    Telephone:      650-739-3939
    Facsimile:       650-739-3900

Counsel for Defendant Nokia Inc.