IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY BENDER,<br><br>    Plaintiff,<br><br>  v.<br><br>NOKIA INC.,<br><br>    Defendant.<br>_____ / | No. C-09-1247 MMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT NOKIA INC'S MOTION TO DISMISS AMENDED COMPLAINT; CONTINUING OCTOBER 23, 2009 CASE MANAGEMENT CONFERENCE TO DECEMBER 4, 2009** |

    Before the Court is defendant Nokia Inc.'s ("Nokia") "Motion to Dismiss Gregory Bender's Amended Complaint for Failure to State a Claim," filed August 21, 2009. Plaintiff Gregory Bender has filed opposition, to which defendant has replied.[1] Having read and considered the papers submitted in support of and in opposition to the motion, the Court rules as follows.

    1. To the extent defendant seeks dismissal of plaintiff's claim of direct infringement for failure to provide sufficient notice of the accused products,[2] the motion will be denied because the claim is pled in conformity with the Federal Rules of Civil Procedure, Appendix of Forms. See Fed. R. Civ. P. Form 18; McZeal v. Sprint Nextel Corp., 501 F.3d 1354,

---

[1] By Order filed September 18, 2009, the hearing on said motion was vacated.

[2] The complaint includes one cause of action, titled "Infringement of the '188 Patent" (referring to U.S. Patent Number 5,103,188), in which plaintiff alleges claims for direct infringement and inducement infringement.

1356-58 (Fed. Cir. 2007) (holding claim of direct infringement alleged in conformity with forms appended to Rule 84 provides defendant sufficient notice of claim and survives motion to dismiss for failure to state claim). Specifically, the complaint, in conformity with Form 18, alleges defendant has infringed plaintiff's patent "by making, using, offering for sale, and/or selling products that consist of, comprise, and/or contain at least one circuit, silicon or otherwise, which contains and/or utilizes at least one buffered transconductance amplifier," after which the complaint lists the various types of products, e.g., "cell phones," "DSL modems," that are alleged to contain such patented invention. (See Compl. ¶ 8);[3] Fed. R. Civ. P. Form 18 (providing, as example of claim alleging infringement of patent for electric motor, "defendant has infringed and is still infringing the [p]atent by making, selling, and using electric motors that embody the patented invention").

    2. To the extent defendant seeks dismissal of the complaint for failure to allege infringing activity within the United States, the motion will be granted.[4]

    3. To the extent defendant seeks dismissal of plaintiff's claim for inducement of infringement, the motion will be granted. The only factual allegation in support of such claim is that defendant sold infringing products. (See Compl. ¶ 8.) Although plaintiff, in conclusory terms, alleges defendant "induce[d] others to infringe" (see id.), plaintiff fails to allege that any such third party has itself made, used, offered to sell, or sold an infringing product. See Hoechst-Roussel Pharmaceuticals, Inc. v. Lehman, 109 F.3d 756, 759 (Fed. Cir. 1997) ("Direct infringement consists of making, using, offering to sell, or selling the invention defined by the claims of a patent, without the authority of the patent owner."); Joy

---

[3] To the extent plaintiff seeks to expand the scope of the complaint "without limitation" (see id.), plaintiff, pursuant to the Local Rules of this District, will be required to provide a more particularized showing. See, e.g., Patent Local Rule 3-1.

[4] As noted, the Federal Circuit has held that a complaint pleaded in conformity with Form 18 is sufficient to avoid dismissal for failure to state a claim. See McZeal, 501 F.3d at 1356-58. Form 18 does not require an allegation of activity in the United States. See Fed. R. Civ. P. Form 18. Nevertheless, because the occurrence of the infringing act(s) in the United States "is an element of [a] claim for patent infringement," see Litecubes, LLC v. Northern Light Products, Inc., 523 F.3d 1253, 1366 n. 14 (Fed. Cir. 2008), plaintiff will be required to include in his complaint the allegation that the infringing acts occurred in the United States.

Technologies, Inc. v. Flakt, Inc., 6 F.3d 770, 774 (Fed. Cir. 1993) ("Liability for either active inducement of infringement or for contributory infringement is dependent upon the existence of direct infringement [by third party].").

**CONCLUSION**

For the reasons stated above, defendant's motion to dismiss is hereby GRANTED in part and DENIED in part, as follows:

1. To the extent the motion seeks dismissal of the complaint for failure to allege infringement in the United States, and dismissal of plaintiff's claim for inducement of infringement, the motion is GRANTED.

2. In all other respects, the motion is DENIED.

3. No later than October 23, 2009, plaintiff may file a Second Amended Complaint for purposes of curing the deficiencies identified above.[5]

4. The Case Management Conference is CONTINUED to December 4, 2009.

**IT IS SO ORDERED.**

Dated: October 2, 2009

MAXINE M. CHESNEY
United States District Judge

---

[5] Although plaintiff in connection with his opposition submitted a proposed Second Amended Complaint, defendant argues such complaint is deficient as well. The Court does not address those arguments herein. The Court notes, however, that its Order granting leave to amend is not intended to limit plaintiff to the pleading proposed in connection with the instant motion.

3